UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HUGH GREER,<br><br>      Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No.: 1:16-cv-0042 - JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 25) |

Barbara Marie Rizzo, attorney for Plaintiff Darren Hugh Greer, seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 25) Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the Commissioner fails to show the decision, or the defense thereof, was substantially justified. For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the modified amount of $16,974.08.

## I. Background

Plaintiff filed an application for a period of disability and disability insurance benefits on in December 2011, alleging disability beginning on January 18, 2018. (Doc. 18-3 at 27) His application "was denied initially on July 9, 2012, and upon reconsideration on February 6, 2013." (*Id.*) Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant in this action.

requested a hearing, and testified before an ALJ on September 20, 2013. (*Id.*) The ALJ concluded Plaintiff was not disabled, and issued an order denying benefits on January 25, 2014. (*Id.* at 27-37) When the Appeals Council denied Plaintiff's request for review on March 19, 2015 (*id.* at 10-14), the ALJ's findings became the final decision of the Commissioner of Social Security.

Plaintiff initiated the action before this Court on January 13, 2016, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ erred in evaluating the medical record, including the opinion of Plaintiff's treating physician, and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23)

Following the entry of judgment, Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 25) Including the time spend on the reply brief, Plaintiff seeks an award of $18,789.30 in fees and $398.52 in costs. (*See* Doc. 29 at 1)

## II.    Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended' should be excluded from an award, including "hours that are exces sive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

## III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 23) Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 28)

### A. Whether Defendant's position was substantially justified

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for the ALJ's failure to evaluate the medical record and address the opinion of Plaintiff's treating physician, Dr. Rollins. (Doc. 23 at 12-16) The Court noted the ALJ purported to consider the treatment Plaintiff received, the effectiveness of the treatment, inconsistencies with the medical record, and Plaintiff's level of activity. (*Id.* at 13-16) Despite this, the Court determined that "[t]he ALJ failed to identify specific and legitimate reasons for rejecting the limitations imposed by Dr. Rollins regarding Plaintiff's 'ability to remain in one position, maintain regular attendance, and perform postural activities.'" (*Id.* at 16)

Defendant now argues that while Plaintiff prevailed before the District Court, he "is not entitled to EAJA fees because Defendant had reasonable bases in law and fact in discounting treating physician Dr. Rollins' opinion, and for defending that finding on appeal." (Doc. 28 at 3, emphasis omitted) Defendant asserts that "the Commissioner's position was substantially justified because it relied on Social Security regulations, Social Security Rulings and Ninth Circuit case law to support its position that the ALJ did not commit reversible error." (*Id.* at 4) According to Defendant, "In this case, there was at least some support for the ALJ to give reduced weight to the opinion of David Rollins, M.D., such as inconsistency with the medical evidence, including objective findings and record of effective treatment, and the range of Plaintiff's functional activities." (*Id.* at 5) Defendant asserts that while "[t]he Court ultimately disagreed with the ALJ's evaluation of Plaintiff's medical evidence and daily activities against Dr. Rollin's opinion," the Commissioner's position was "substantially justified… as there was both factual and legal support for the ALJ's decision." (*Id.* at 7)

Significantly, the Ninth Circuit determined that a court's "holding that the agency's decision… was unsupported by substantial evidence is … a strong indication that the 'position of the United States' was not substantially justified.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013), quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (omissions in original). The Court explained, "Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874.

In *Meier*, the Court observed that "the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting [a treating physician's] opinion that Meier was

incapable of working." *Id.*, 727 F.3d at 872. The Court concluded the "decision was not supported by substantial evidence" in light of the ALJ's flawed review of the medical record and analysis of the claimant's subjective pain testimony. *Id.* Because the ALJ's decision was not supported by substantial evidence, the Ninth Circuit determined that it followed "the government's underlying action was not substantially justified." *Id.*

Likewise, here, this Court found the ALJ mischaracterized the treatment Plaintiff received as conservative, failed to address evidence in the record that the treatment was not effective, failed to identify any specific inconsistencies with the record and instead referred "broadly to two exhibits totaling more than 120 pages," and failed to explain how Plaintiff's daily activities conflicted with the restrictions identified by Dr. Rollins. (Doc. 23 at 13-16) Accordingly, the Court concluded "the ALJ failed to identify specific and legitimate reasons for rejecting the limitations imposed by Dr. Rollins," and the decision was not supported by substantial evidence. (*Id.* at 17) As in *Meier*, the Court finds Defendant does not meet the burden to show the government's position was substantially justified in defending the ALJ's flawed opinion.

## B.    Reasonableness of the Fees Requested

Defendant argues that if the Court finds the Commissioner's was not substantially justified, the fees requested by Plaintiff are unreasonable. (Doc. 28 at 7-13) According to Defendant, the time expended related to the merits was unreasonable and unnecessary. (*See id.* at 9) Defendant also contends Plaintiff is not entitled to "fees for administrative or clerical tasks, or excessive or redundant hours." (*Id.* at 10, emphasis omitted). In response, Plaintiff argues that "the hours claimed are fair and reasonable." (Doc. 29 at 8, emphasis omitted).

### 1.    Clerical time

Work that is "clerical in nature … should [be] consumed in firm overhead rather than billed." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (approving the court's elimination of hours spent on clerical tasks from the lodestar calculation); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (deducting time for "filing or retrieving electronic court documents or copying").

The time records submitted by Ms. Rizzo indicate she spent 0.10 hours to prepare documents

for service and 0.20 hours reviewing documents for deadlines and calendaring dates. (Doc. 26-2 at 2, 4) Such tasks are clerical in nature and must be deducted from the fee award under the EAJA. *See, e.g.*, *Em v. Astrue*, 2012 WL 691669 at *4 (E.D. Cal. Mar. 2, 2012) ("clerical tasks, such as mailing and calendaring, are not typically compensable under the EAJA"); *Santiago v. CACH LLC*, 2013 WL 5945805 at *4 n.2 (N.D. Cal. Nov. 4, 2013) (declining to award time for preparation of service documents and reviewing documents for calendar deadlines); *Compass Bank v. Morris Cerullo World Evangelism*, 2015 WL 3442030 at *8 (S.D. Cal. May 28, 2015) (identifying drafting a revised subpoena and preparing documents for service as clerical tasks). Accordingly, the fee award must be reduced by 0.30 hours of clerical tasks.

### 2. Time related to the merits

Defendant argues the time Ms. Rizzo expended was excessive. (Doc. 28 at 9) In addition, because the Court did not address all issues raised by counsel, Defendant argues "EAJA fees should not be awarded for Plaintiff's remaining challenges that this Court did not address." (*Id.*, citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)) According to Defendant, Ms. Rizzo expended an "unwarranted amount of time on the opening and reply briefs" through "over-briefing" the merits of the case by filing 81 pages of writing. (*Id.* at 10) Therefore, Defendant proposes "at least two-thirds of the hours Plaintiff's counsel spent on such extraordinary hours (71.4 hours) … be excluded." (*Id.*)

In response, Plaintiff asserts that the hours were "fair and reasonable" for the work she completed on this action. (Doc. 29 at 8, emphasis omitted) Plaintiff argues that "the EAJA does not state that an award of attorney fees should be reduced because the Court did not need to adjudicate all of the Plaintiff's arguments in order to rule in the Plaintiff's favor." (*Id.*) In addition, Plaintiff contends that the courts' rulings in *Hardisty* and *Hensley* do not support a reduction of fees merely because the Court did not address the remaining issues in the opening brief. (*Id.*) Plaintiff asserts, "In *Hardisty*, the Court did not hold that a Court cannot compensate a Plaintiff for arguments that the Court did not address, as the SSA claims here." (*Id.* at 10) In addition, Plaintiff argues that in *Hensley*, the Supreme Court rejected a deduction similar to what Defendant proposed. (*Id.*)

### a. Issues not addressed by the Court

As an initial matter, Defendant's reliance upon the Ninth Circuit's holding in *Hardisty* to

support a reduction in fees is misplaced. In *Hardisty*, the Ninth Circuit reviewed the denial of an EAJA fee petition. Affirming the denial, the Court held that the provisions of the fee-shifting statute do not extent fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." *Id.*, 592 F.3d at 1077. In so finding, the Court also determined a district court should not engage in a "second major litigation" regarding whether the government's position was substantially justified on issues the plaintiff raised but that the district court did not address. *Id.* at 1075. Significantly, "[d]istrict courts interpreting *Hardisty* have agreed that the decision's discussion of EAJA fees applies only to the 'substantial justification' component of the analysis; not as a means of limiting fees under the 'reasonableness of fees' component." *Cudia v. Astrue*, 2011 WL 6780907, at *10 (E.D. Cal. Dec. 23, 2011); *see also Blackwell v. Astrue,* 2011 WL 1077765, at *3 (E.D. Cal. Mar. 21, 2011) ("Here, defendant argues that this court should extend *Hardisty* and limit plaintiff's fees to only hours spent on issues on which plaintiff prevailed. The court, however, declines to do so."). Accordingly, the Court declines to extend the holding in *Hardisty* to reduce the fee award for issues raised by Plaintiff in the opening brief, but not adjudicated in the remand order.

Likewise, the Supreme Court's holding in *Hensley* does not support Defendant's assertion that the hours reported by Ms. Rizzo should be reduced. In *Hensley*, the Court held that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440. Unrelated claims are "distinctly different" and based on different facts and legal theories, while related claims "involve a common core of facts or [are] based on related legal theories." *Id.* at 434-35, 437 n. 12; *Thorne v. El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986).

As Plaintiff asserts, the arguments raised "involved the same set of facts and similar legal theories" (Doc. 29 at 11). Each argument presented in the opening brief supported Plaintiff's single claim that the "conclusions and findings of fact of the [ALJ] are not supported by substantial evidence and are contrary to law and regulation." (*See* Doc. 7 at 2) Consequently, the hours spent by Ms. Rizzo on issues in the opening brief that were not addressed by the Court need not be deducted from the fee award under *Hensley*.

///

### b. Over-briefing

Ms. Rizzo reports that she spent 17.2 hours on the confidential letter brief, 21.1 hours on the motion for summary judgment, and 28.6 hours on the reply brief. (Doc. 26-2 at 1, 3) Defendant argues this time was excessive because "[t]he issues raised in this case were arguments that are commonly raised in social security disability cases, such as challenge[s] against the weighing of physician opinion evidence, credibility, RFC assessment and step five finding." (Doc. 28 at 9) Defendant contends that with Ms. Rizzo's experience as an Assistant Regional Counsel for the Social Security Administration," she "was already quite familiar with these routine issues." (*Id.*)

However, the Ninth Circuit has determined that courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court also "recognized that sometimes the vicissitudes of the litigation process will require lawyers to duplicate tasks." *Id.* (internal quotation marks, citation omitted). As a result, even a finding that work was duplicative "should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Id.*

Further, the Ninth Circuit explained that Social Security cases are not often "routine," but rather they "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa*, 690 F.3d at 1134, n.1. Here, the administrative record was nearly 900 pages, including hundreds of pages of medical records for the relevant time-period. Plaintiff's motion for summary judgment was 38 pages, excluding the table of contents and table of authorities. (*See* Doc. 1) The reply brief was also more than thirty pages, specifically addressing arguments raised by the Commissioner in the opposition. (*See* Doc. 29) In light of Ms. Rizzo's detailed review of Plaintiff's medical records and the number of arguments presented in the motion for summary judgment, as well as the reply brief, the Court finds the time expended was not blatantly unreasonable,

although greater than the typical time expended on a Social Security action.

### 3.     Time related to the EAJA motion

Under EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the fee award. *See Comm'r INS v. Jean*, 496 U.S. 154 (1990); *see also Love v. Reilly*, 924 F. 2d 1492, 1497 (9th Cir. 1991).

Ms. Rizzo seeks 3.0 hours for work related to preparing her time sheet and motion for EAJA fees. (Doc. 26-2 at 1). This Court has awarded 1.5 hours for these tasks where counsel, such as Ms. Rizzo is experienced with the preparation of such motions. *See, e.g., Lopez*, 2012 U.S. Dist. LEXIS 78680, at *14 (observing "the similar nature of … EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana*, 2011 U.S. Dist. LEXIS 79666 (allowing 1.5 hours for preparation of the EAJA application).

Defendant argues that because Ms. Rizzo is "an experienced practitioner in Social Security matters…, the amount of time counsel allegedly expended for the EAJA motion and declaration is unreasonable." (Doc. 28 at 12) Defendant observers that Ms. Rizzo submitted a "boilerplate petition for EAJA fees," reporting that "[t]he only changes counsel made to her boilerplate petition language included changing claimant's name, the petition fee amount and costs, and the hours she claimed spending on the case." (*Id.* at 11-12) According to Defendant, "Plaintiff's counsel could not have taken more than an hour on drafting this petition, and her fee should be reduced to 1 hour of billable time." (*Id.*, citing, *e.g., Stairs v. Astrue*, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011), *aff'd* 522 Fed. Appx. 385 (9th Cir. 2013); *Forsythe v. Astrue*, 2013 WL 1222032, at *5 (E.D. Cal. Mar. 25, 2013); *Reyna v. Astrue*, 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011). Defendant observers that Ms. Rizzo submitted a "boilerplate petition for EAJA fees,"

In response, Ms. Rizzo does not dispute that "she uses prior motions as a template for drafting new motions." (Doc. 29 at 18) Ms. Rizzo explains that the "boilerplate" motion identified by Defendant "was filed… over two years before Plaintiff filed the present motion in November 2017." (*Id.*) As a result, Ms. Rizzo reports that she "expended time reading all of the cases cited therein to insure that they are still good law." (*Id.*) Further, she reports that she "expended time researching new cases cited in the current motion on Page 9 and updating the motion and her declaration with more

current awards of EAJA fees on Pages 9-10 of the motion." (*Id.*)

Notably, this Court awarded 1.5 hours for these tasks where counsel, such as Ms. Rizzo, is experienced with the preparation of EAJA motions. *See, e.g., Lopez v. Astrue*, 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012) (observing "the similar nature of … EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue*, 2011 WL 2946179 at *3 (E.D. cal. July 21, 2011) (allowing 1.5 hours for preparation of the EAJA application). Based upon Ms. Rizzo's use of a template to prepare the motion, the Court finds 3.0 hours is excessive, and reduces the award to 1.5 hours, which is a reasonable time for Ms. Rizzo to review the cases cited in her prior motion and complete additional research prior to making minimal changes to the boilerplate motion and her declaration.

### 4.    Deduction in time

Significantly, the time records submitted by Ms. Rizzo indicate entries for 0.10 hours for tasks that should have taken only moments, such as completing the form indicating Plaintiff's consent to magistrate judge jurisdiction and reviewing the summons issued by the Court. *See, e.g.*, *Calderon v. Astrue*, 2010 WL 4295583, at *5 (E.D. Cal. Oct. 22, 2010) (observing the magistrate judge consent form is a "simple, check-the-box type form[]"). Previously, this Court observed that even "[s]ix-minute billing increments can result in rounding-up that over-calculates the time actually spent on the tasks in total." *Green v. Astrue*, 2012 WL 1232300, at *3 (E.D. Cal. Apr. 12, 2012).

In this action, the Court finds a ten-percent reduction in time is appropriate, because the issues presented in the opening brief were not complex, there was likely some duplication of effort between the opening brief and the letter brief, and the six-minute billing increments resulted in over-calculating the hours expended by Ms. Rizzo. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (the Court has the authority to impose "a small reduction, no greater than ten percent— a 'haircut'—based on its exercise of discretion"); *see also Gentry v. Colvin,* 2014 WL 3778248, at *3 (E.D. Cal. July 30, 2014) (applying a ten percent deduction because "the issues were not particularly complex, and because there is always some duplicative effort in drafting the confidential brief and the opening brief").

///

### C.    Award of Expenses

Counsel's expenses may be reimbursed pursuant to the EAJA.  *See* 28 U.S.C. § 2412(d)(1)(B).  To recover expenses related to an action, an attorney seeking an award of expenses shall "submit to the court an application . . . including an itemized statement."  *Id.*  Plaintiff seeks expenses in the amount of $398.52, which includes $36.40 for photocopies, $32.12 for postage, and $247.50 in legal research.  (Doc. 26-3 at 1-3; Doc. 29 at 20)

Defendant objects to the expenses identified by Plaintiff because the fee for online legal research is a duplication because Ms. Rizzo also billed her time for conducting the legal research.  (Doc. 28 at 12, citing *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999))  In addition, Defendant contends the photocopying should not be awarded because "counsel does not explain how and why photocopying of documents is relevant to this matter."  (*Id.* at 12-13)  According to Defendant, "counsel's fee request for making copies of the representation document and letters counsel drafted for the client and mailed to the client, as shown by counsel's fee request for post of the same documents… is 'redundant' and 'unnecessary.'"  (*Id.* at 13, citing Doc. 26-2 at 1; Doc. 26-3 at 1-2)  Defendant does not object to the copying and postage for mailing documents to the Court and the Social Security Administration.

Plaintiff contends the legal research fees are not redundant, asserting the "[t]he Northern District of California considered these arguments and held that the expenses for copying and postage for letters to the client as well as expenses for LEXIS legal research are compensable under the EAJA."  (Doc. 29 at 20, citing *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1010 (N.D. Cal. 2015))  Therefore, Plaintiff argues he is entitled to "$398.52 [in] costs and expenses incurred in this action."  (*Id.*)

In *Spegon*, which Defendant relies on for the deduction of legal research and photocopying expenses, the Seventh Circuit reviewed a request for fees under the Fair Labor Standards Act.  The court observed that a "counsel for the prevailing plaintiff should 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'"  *Spegon*, 175 F.3d at 552 (quoting *Hensley*, 461 U.S. at 434 [emphasis omitted]).  However, the Seventh Circuit did not address whether expenses for computer assisted research and photocopying were redundant or unnecessary, or determine whether

such expenses were compensable under the EAJA.

Although the Ninth Circuit has not addressed whether computerized legal research fees and photocopying are "expenses" that are compensable under the EAJA, several courts have determined such expenses are recoverable under 28 U.S.C. § 2412(d). *See, e.g.*, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) ("reject[ing] the government's argument that telephone, reasonable travel, postage and computerized research expenses are not compensable under the EAJA"); *Carmel v. Bowen*, 700 F.Supp. 794, 795 n.1 (S.D.N.Y. 1988) ("the Secretary also urges that plaintiff is not entitled to the cost of computer-assisted legal research. There is simply no precedent for the conclusion that Social Security plaintiffs cannot recover for such expenses").

In addition, district courts throughout the Ninth Circuit determined that legal research fees are compensable under the EAJA. *See, e.g.*, *Yesipovich*, 166 F.Supp.3d at 1010 (rejecting the government's argument that plaintiff's counsel should not recover legal research fees *and* bill for time spent on briefing); *Johnson v. Astrue*, 2008 WL 3984599, at *3 (N.D. Cal. Aug. 27, 2008) (rejecting the argument that "allowing a reimbursement for counsel's time performing legal research as well as the computer charges [would] be duplicative" and awarding the plaintiff expenses for computer assisted legal research because "EAJA authorizes the award of not only reasonable attorney's fees but also reasonable expenses"). Indeed, this Court previously indicated there was "no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time spent and the computer fee." *See B & H Manufacturing Co., Inc. v. Lyn E. Bright*, 2006 WL 547975 at *16 (E.D. Cal. 2006). Though it appears that online research fees *should* be a component of the attorney's overhead—much like the rent on her office space, purchasing the computer she uses for legal research or the cost of buying business cards—which is not compensable, it appears that the legal authority on this topic has expanded what constitutes "other expenses" which a Social Security plaintiff may recover.

Finally, Plaintiff's photocopying and postage costs are also compensable as expenses under the EAJA. *See, e.g., Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986) (rejecting the argument that "telephone, postage, … and photocopying costs" may not be recovered, and finding "these expenses are reimbursable under the EAJA as reasonable 'fees and other expenses'").

However, the Court agrees that Plaintiff has not shown the photocopies and postage were necessary for purposes of this litigation. Accordingly, expenses for copies made for the client and mailed will be deducted, resulting in a deduction of $26.86.[2]

### D. Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement he signed. (*See* Doc. 25 at 2; *see also* Doc. 26-1 at 1-3) Defendant contends that "any EAJA fees awarded, must be made payable to Plaintiff, not counsel." (Doc. 24 at 13, emphasis omitted). As Defendant observes, in *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See Ratliff*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned his rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff, and mailed to his attorney.

---

[2] For entries indicating that a document was copied and mailed to both Plaintiff and the Court, one-half of the amount was deducted.

## IV.    Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Ms. Rizzo expended a total 86.13 hours on compensable work in this action on behalf of Plaintiff, which is reasonable in light of the tasks performed and results achieved. Thus, Ms. Newel is entitled to an award of fees in the amount of **16,602.42**.[3] In addition, she is entitled to $371.66 in expenses under 28 U.S.C. § 2412(d).

Based upon the foregoing, the Court **ORDERS**:

1.    Plaintiff's motion for attorney's fees and expenses is **GRANTED** in the modified amount of **$16,974.08**; and

2.    Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Barbara Marie Rizzo; and

3.    Payment **SHALL** be mailed to Plaintiff's counsel of record, Barbara Marie Rizzo.

IT IS SO ORDERED.

Dated: __**June 26, 2018**__                    _____**/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] This amount represents the statutory maximum rate with adjustments for the increases in costs of living completed to the 2016 rate of $192.76 per hour. *See "Statutory Maximum Rates Under the Equal Access to Justice Act"* published by the United States Courts for the Ninth Circuit, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 25, 2018).